RECEIVED

AUG 1 5 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **SIE WOO SHIN** | **CIVIL ACTION NO. 1:15-02140** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **LORETTA LYNCH, ET AL** | **MAG. JUDGE PEREZ-MONTES** |

### MEMORANDUM RULING

Before the court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 wherein the petitioner is contesting his detention by the Bureau of Immigration and Customs Enforcement ("ICE").  Petitioner, Sie Woo Shin, is being detained in the LaSalle Detention Center in Jena, Louisiana pending removal proceedings; Shin is a criminal alien due to a 2005 felony conviction for possession of a firearm in the United States by a convicted felon. Shin has been detained since July 2015.

The Magistrate Judge issued a Report and Recommendation recommending that Shin be granted a conditional writ of *habeas* corpus and further recommends his discharge from custody unless Respondents afford him a hearing within 30 days after the date of this Court's judgment; the purpose of the hearing is to determine whether it is necessary to continue to detain Shin to achieve the goals of 8 U.S.C. § 1226.The Magistrate Judge relied on the reasoning in Zadvydas v. Davis,[1] noting that the "reasonableness of Shin's continued detention in excess of six months pursuant to § 1226(c) should be assessed in an individualized hearing."[2]

---

[1]  533 U.S. 612 (2001).
[2] Report and Recommendation, p. 10, R. #20.

Respondent objects to the Magistrate's reliance on Zadvydas; Respondent maintains that Zadvydas does not control Shin's pre-final order detention under 8 U.S.C. § 1226(c).  Respondent argues that the Magistrate should have relied on Demore v. Kim.[3] Respondent argues that Shin's continued detention is reasonable because it serves a specific and valid immigration purpose that was absent in Zadvydas.

8 U.S.C. § 1226(c) provides as follows:

(c) Detention of criminal aliens

(1)  Custody

The Attorney General shall take into custody any alien who—

(A) Is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

(B) Is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

(C) Is deportable under section 1227(a)(2)(A)(i)  of this title on the basis of an offense for which the alien has been sentence [sic] to a term of imprisonment of at least 1 year, or

(D) Is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

---

[3]  538 U.S. 510 (2003).

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested of imprisoned again for the same offense.

(1)Release

The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding.  A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

First, Respondent remarks that even though the Magistrate relied on <u>Zadvydas</u> for his rationale that Shin is entitled to an individualized bond hearing to determine the reasonableness of his detention, <u>Zadvydas</u> provides no basis for ordering Shin's release. Zadvydas involved a petitioner who was subject to a final order or removal.  In the instant proceeding, Shin is being detained pending a determination of removability which as noted by Respondent, <u>Zadvydas</u> had no obvious termination point, whereas Shin is still awaiting the outcome of his proceedings.

In both <u>Zadvydas</u> and <u>Demore,</u> the Supreme Court recognized that if "detention's goal was no longer practically attainable, detention no longer bears a reasonable relation to the

purpose for which the individual was committed."[4] For removal purposes, § 1231(a) detention is designed to "assur[e] the alien's presence at the moment of removal[,][5]and is presumptively valid for the six month period immediately preceding the entry of a final order of removal.[6] Thereafter, detention remains valid unless the alien can demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. In other words, if the government cannot repatriate the alien to his home country, the purpose of detention is no longer served.

In Demore, the Supreme Court analyzed the constitutionality of an alien's detention under 8 U.S.C. § 1226(c) during the alien's removal proceedings. The valid purpose of § 1226(c) is to prevent deportable criminal aliens from fleeing *prior to or during* their removal proceedings.[7] Hence, detention under § 1226(c) is limited for the finite period necessary to complete the removal proceedings. The Supreme Court in Demore rejected a due process challenge to the mandatory detention of a lawful permanent resident for six months under Section 1226(c) holding that such detention pending removal proceedings "is a constitutionally valid aspect of the deportation process." Demore, 538 U.S. at 523.

We agree with Respondents that in this matter Zadvydas is inapplicable. In reliance upon Demore, the court finds that Shin's detention is not a violation of his due process rights and further, he is not entitled to a hearing to determine if it is necessary to continue to detain him to achieve the goals of 8 U.S.C. § 1226.

---

[4] Demore, 538 U.S. at 527 (quoting Zadvydas, 533 U.S. at 690).
[5] Zadvydas, 533 U.S. at 699.
[6] Id. At 699-701.
[7] Demore 538 U.S. at 522, 527-528.

## CONCLUSION

For the reasons set forth above, we reject the Report and Recommendation of the Magistrate Judge, and further, we will deny Shin's petition for a writ of *habeas corpus* and will dismiss with prejudice the instant lawsuit.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 15th day of August, 2016.

_____
**JUDGE JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**